# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY ANN GILLESPIE, et al. | CASE NO.  1:12-cv-176-LJO-MJS |
| Plaintiffs, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILING TO COMPLY WITH FED. R. CIV. P. 8(a) |
| v. | |
| ROBERT J. FLETCHER, et. al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiffs Melody Ann Gillespie, Courtney Ray Gillespie, and Roxann Davidson (collectively, "Plaintiffs") initiated this action by filing a pro se Complaint on February 7, 2012. (ECF No. 1.)

## I.    SCREENING REQUIREMENT

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991), cert. denied, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs in propria persona to ensure that the action is not frivolous or malicious, that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

///

## II. PLEADING STANDARDS

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S. Ct. at 1949.

## III. ANALYSIS

Plaintiffs' Complaint is almost sixty pages long. It consists of meandering factual allegations and indecipherable claims. Plaintiffs raise claims related to the Racketeer Influenced and Corrupt Organizations Act, the Seventh Amendment, enforcement of a church elder's judgment under the First Amendment, quantum meruit, peonage, a partnership accounting, a fiduciary accounting, a "declaratory judgment to construe commercial relationship of parties and nature of contract", damages for fraud and conspiracy, harassment, intentional infliction of emotional distress, animal cruelty, quiet title, partition, breach of fiduciary duty, assault, battery, breach of contract, conversion, attempted murder, infringement of civil rights, bullying, trespass, breach of a partnership, eavesdropping, forgery, falsification of "identity access information", embezzlement, foreclosure on a mechanic's lien, the unconstitutionality of a state statute, due process, equal protection, copyright infringement, and violation of federal water rights. This list is not exhaustive.

A cursory review of the Complaint satisfies the Court that it does not comply with the pleading requirements in any way which would allow the Court to determine if it contains hidden within it a cognizable cause of action. Moreover, given the demands imposed on this Court by the tremendous volume of such cases and its other civil, criminal and habeas corpus case load, it would be neither practical nor fair to other litigants for the Court to spend the time necessary to go through this inordinately lengthy document to try to extract an identifiable, potentially cognizable claim, identify the facts, if any, related thereto and identify which Defendant(s) could possibly be held to answer for it.

The Court will give Plaintiffs the opportunity to replead in **"a short and plain statement"** a claim which complies with the pleading requirements. Plaintiffs' amended complaint will be required to assert only **related** claims against only those Defendants who may credibly be alleged to be responsible for the facts giving rise to those claims. Facts unrelated to those claims will not be permitted. Claims not related to the single set or series of facts giving rise to those claims will not be permitted. Further, this Court can envision few claims which would need more than twenty pages to set them out. Thus, any amended filing which is longer than twenty pages will be viewed with great skepticism and may be rejected on that basis alone. Moreover, any filing which does not comply with these instructions directing a short and plain statement or any filing which combines unrelated matters or Defendants likely will result in **dismissal with prejudice of the entire action.**

### IV. CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' Complaint is dismissed;
2. Plaintiffs are granted **thirty (30) days** from the date of service of this order to file an amended complaint that should be no longer than **twenty (20) pages** in length and **shall not combine unrelated facts or Defendants**; the amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice;

the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; and

3. If Plaintiffs fail to file an amended complaint in accordance with this order, this action will be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   May 31, 2012               /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE