1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                      EASTERN DISTRICT OF CALIFORNIA
8
   MELODY ANN GILLESPIE, et al.          CASE NO.      1:12-cv-176-LJO-MJS
9
10                      Plaintiffs,       ORDER DENYING PLAINTIFFS' MOTION FOR
                                          RECONSIDERATION
11
        v.                                (ECF No. 5)
12
                                          AMENDED COMPLAINT DUE WITHIN
13  ROBERT J. FLETCHER, et. al.,          THIRTY DAYS
14
15                      Defendants.
16  _____/

17        Plaintiffs  Melody  Ann  Gillespie,  Courtney  Ray  Gillespie,  and  Roxann  Davidson

18  (collectively, "Plaintiffs") initiated this action by filing a pro se Complaint on February 7, 2012.

19  (ECF No. 1.)

20        On May 31, 2012, the Court issued an order dismissing Plaintiffs' Complaint with leave to

21  amend for failure to comply with Fed. R. Civ. P. 8(a).  (ECF No. 4.)  On June 12, 2012, Plaintiffs

22  filed objections to the Court's order, which the Court will construe as a motion for reconsideration.

23  (Mot. for Recons., ECF No. 5.)[1]

24  **I.    LEGAL STANDARDS**

25        A.    Motions for Reconsideration of Non-Dispositive Pretrial Orders

26        Federal Rule of Civil Procedure 72(a) provides:

27  _____

28        [1] Plaintiffs' concerns regarding the service deadline are unnecessary.  The time for serving Plaintiffs' action
    will only commence once Plaintiffs file a pleading that the Court finds to complies with Fed. R. Civ. P. 8(a)..

Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

"A judge of the court may reconsider [pretrial matters determined by a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A).

B.     Screening Standards

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991), cert. denied, 506 U.S. 915 (1992). Accordingly, this Court has the ability to screen all complaints filed by pro se plaintiffs to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

C.     Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

1  **II.**   **DISCUSSION**

2     A.      Factual Background and Procedural History

3        The Magistrate Judge previously dismissed Plaintiffs' Complaint with leave to amend for

4  failure to comply with Fed. R. Civ. P. 8(a).  (ECF No. 4.)

5        The Magistrate Judge found that Plaintiffs' Complaint was almost sixty pages long, consisted

6  of meandering factual allegations and indecipherable claims.  Plaintiffs raised claims related to the

7  Racketeer Influenced and Corrupt Organizations Act, the Seventh Amendment, enforcement of a

8  church elder's judgment under the First Amendment, quantum meruit, peonage, a partnership

9  accounting, a fiduciary accounting, a "declaratory judgment to construe commercial relationship of

10 parties and nature of contract", damages for fraud and conspiracy, harassment, intentional infliction

11 of emotional distress, animal cruelty, quiet title, partition, breach of fiduciary duty, assault, battery,

12 breach of contract, conversion, attempted murder, infringement of civil rights, bullying, trespass,

13 breach of a partnership, eavesdropping, forgery, falsification of "identity access information",

14 embezzlement, foreclosure on a mechanic's lien, the unconstitutionality of a state statute, due

15 process, equal protection, copyright infringement, and violation of federal water rights.  Plaintiffs'

16 Complaint included additional allegations and claims.

17       Ultimately, the Magistrate Judge's review of the Complaint found that it did not comply with

18 the pleading requirements in any way which would allow the Court to determine if it contained

19 hidden within it a cognizable cause of action.  Moreover, given the demands imposed on the Court

20 by the tremendous volume of such cases and its other civil, criminal and habeas corpus case load,

21 it was neither practical nor fair to other litigants for the Court to spend the time necessary to review

22 the inordinately lengthy document to try to extract an identifiable, potentially cognizable claim,

23 identify the facts, if any, related thereto and identify which Defendant(s) could possibly be held to

24 answer for it.

25       The Magistrate Judge gave Plaintiffs the opportunity to replead in "a short and plain

26 statement**"** a claim which complied with the pleading requirements.  The Magistrate Judge warned

27 Plaintiffs that any filing which did not comply with these instructions directing a short and plain

28 statement or any filing which combined unrelated matters or Defendants would likely result in

1  dismissal with prejudice of the entire action.

2          B.      Motion for Reconsideration

3          Plaintiffs argue that the Court did not have the authority to dismiss their Complaint  with

4  leave to amend, thereby denying their right to due process and their right to proceed pro se. (Mot.

5  for Recons. at 2.)  According to Plaintiffs, the Court incorrectly asserted that it had the inherent

6  authority to control its docket and the ability to impose a screening requirement under Fed. R. Civ.

7  P. 8(a).  (Id.)  Plaintiffs also object on the ground that the Court cannot dismiss a complaint with

8  only a cursory review.  (Id. at 5.)  Plaintiffs argue that the Court does not have the authority to limit

9  a pleading to twenty pages.  (Id. at 6.)  Plaintiffs object to the Court ignoring their request for

10 summons. (Id. at 7.)  Lastly, Plaintiffs argue that they did not consent to proceed before a Magistrate

11 Judge, and request that it either be assigned to a different magistrate or that a District Judge review

12 this case.  (Id. at 11-12.)

13         Plaintiffs' request for the District Judge to review this case has been granted and there is no

14 need to deal with Plaintiffs' request for a different magistrate at this juncture.

15         Plaintiffs' central argument for reconsideration is the Magistrate Judge did not have the

16 authority to require them to file an amended pleading.  This argument is incorrect.  The Ninth Circuit

17 has upheld district courts' inherent power to control their dockets.  Destfino v. Reisqig, 630 F.3d

18 952, 959 (9th Cir. 2011) (upholding court's dismissal of second amended complaint on the grounds

19 that the court had the power to control its own docket).  Plaintiffs also fail to note that the Magistrate

20 Judge only dismissed their pleading, not their action.  Plaintiffs have been given leave to file an

21 amended complaint that comports with the requirements of Fed. R. Civ. P. 8(a).  The Magistrate

22 Judge simply exercised his power to control the Court's docket by requiring Defendants to file a new

23 pleading that complied with these requirements.  The Magistrate Judge did not exceed his authority

24 by imposing a screening requirement on Plaintiffs.

25         Plaintiffs' arguments do not reach the central issue of the Magistrate Judge's order- the

26 Plaintiffs' Complaint fundamentally failed to comply with the pleading requirements of Fed. R. Civ.

27 P. 8.  Until Plaintiffs are able to meet this requirement the Court cannot allow this action to be served

28 on any Defendants or continue with the litigation process.

**III.   CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that:

1.   Plaintiffs' motion for reconsideration is DENIED;

2.   Plaintiffs are granted **thirty (30) days** from the date of service of this order to file an amended complaint that should be no longer than **twenty (20) pages** in length and **shall not combine unrelated facts or Defendants**; the amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; and

3.   If Plaintiffs fail to file an amended complaint in accordance with this order, this action will be dismissed without prejudice.

IT IS SO ORDERED.

**Dated:   January 25, 2013        /s/  Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE