# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY ANN GILLESPIE, et al. | CASE NO.   1:12-cv-176-LJO-MJS |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFFS' COMPLAINT FOR FAILURE TO OBEY A COURT ORDER |
| v. | (ECF No. 4) |
| ROBERT J. FLETCHER, et al., | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

Plaintiffs Melody Ann Gillespie, Courtney Ray Gillespie, and Roxann Davidson (collectively, "Plaintiffs") initiated this action by filing a pro se Complaint on February 7, 2012. (ECF No. 1.)

On May 31, 2012, the Court issued an order dismissing Plaintiffs' Complaint with leave to amend for failure to comply with Fed. R. Civ. P. 8(a). (ECF No. 4.) On June 12, 2012, instead of amending, Plaintiffs filed objections to the Court's order. (ECF No. 5.) The Court construed the objections as a request for reconsideration, denied it, and directed Plaintiffs to file an amended complaint by February 25, 2013. (ECF No. 6.) February 25, 2013, has passed without Plaintiffs having filed an amended complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

1 all sanctions . . . within the inherent power of the Court." District courts have the inherent
2 power to control their dockets and "in the exercise of that power, they may impose
3 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
4 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
5 based on a party's failure to prosecute an action, failure to obey a court order, or failure to
6 comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
7 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
8 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a
9 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
10 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone
11 v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
12 with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
13 for lack of prosecution and failure to comply with local rules).

14 In determining whether to dismiss an action for lack of prosecution, failure to obey
15 a court order, or failure to comply with local rules, the Court must consider several factors:
16 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
17 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
18 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
19 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
20 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

21 In the instant case, the Court finds that the public's interest in expeditiously resolving
22 this litigation and the Court's interest in managing its docket weigh in favor of dismissal.
23 The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
24 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
25 action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public
26 policy favoring disposition of cases on their merits -- is greatly outweighed by the factors
27 in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure
28 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

1  requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
2  779 F.2d at 1424.
3     The Court's order dismissing Plaintiffs' Complaint expressly stated: "If Plaintiffs fail
4  to file an amended complaint in accordance with this order, this action will be dismissed
5  without prejudice." (ECF No. 4.)  Thus, Plaintiffs had adequate warning that dismissal
6  would result from noncompliance with the Court's order.  The Court also gave Plaintiffs
7  additional opportunities to file an amended complaint.  As of this date, they have failed to
8  take advantage of those opportunities.
9     Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED
10 based on Plaintiffs' failure to obey a court order.
11    These Findings and Recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
13 Within fourteen (14) days after being served with these Findings and Recommendations,
14 any party may file written objections with the Court and serve a copy on all parties.  Such
15 a document should be captioned "Objections to Magistrate Judge's Findings and
16 Recommendations."  The parties are advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order.  Martinez v. Y1 st,
18 951 F.2d 1153 (9th Cir. 1991).
19 IT IS SO ORDERED.
20 Dated:   March 20, 2013           /s/ *Michael J. Seng*
   UNITED STATES MAGISTRATE JUDGE